UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Glenn Everett Zebbs, III, ) | |
| ) | C/A No.: 7:11-cv-70066-GRA |
| Petitioner, ) | (Cr. No.: 7:09-cr-10071-GRA) |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court on Petitioner Glenn Everett Zebbs, III's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Motion"). Respondent has filed a Response and moved for summary judgment. After reviewing Petitioner's § 2255 Motion, Respondent's Motion for Summary Judgment, and the records in this case, the Court finds it may render a decision on the § 2255 Motion without a hearing. *See* 28 U.S.C. § 2255(b). For the following reasons, the Court orders Respondent's Motion for Partial Summary Judgment be granted and, accordingly, Petitioner's § 2255 Motion be granted and denied in part. The Court also orders Petitioner's associated Motion for Discovery be denied.

## Background

Petitioner pled guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). At sentencing, Petitioner asked this Court to impose a sentence below his advisory Guidelines sentencing range. This

Court sentenced Petitioner to 262 months imprisonment, the lowest prison sentence within Petitioner's Guidelines range.  At sentencing, the Court notified Petitioner of his right to appeal.  (Tr. of Sentencing Hr'g 6:9–14, May 6, 2010, ECF No. 59.)  However, Petitioner did not appeal his sentence and conviction.

Petitioner filed this § 2255 Motion claiming ineffective counsel on April 8, 2011. Specifically, Petitioner claims that (1) his attorney failed to file a notice of appeal, (2) his attorney induced him to plead guilty by telling him the Government had promised to file a motion to reduce Petitioner's sentence, and (3) his attorney failed to object to Petitioner's designation as a career offender.  This Court ordered the Government ("Respondent") to respond.  Respondent filed a response and moved for summary judgment as to claims two and three.  As to claim one, Respondent asked the Court to vacate Petitioner's sentence and immediately reinstate it in order for Petitioner to file a timely notice of appeal.  Petitioner filed a Reply opposing partial summary judgment and renewing his request for a hearing as to his second and third claims.

## Standard of Review

Section 2255 provides that a prisoner in custody, under sentence of a federal court, may petition the court that imposed the sentence to vacate, set aside, or correct the sentence.  The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Generally, § 2255 requires a petitioner to prove these grounds by a preponderance of the evidence.  This is the proof needed to allege a constitutional error.

"The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. U.S.*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999). In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b). Moreover, if the motion, its attachments, and the records plainly show that the prisoner is not entitled to relief, the court must dismiss the motion.  28 U.S.C. § 2255, R. 4(b).

Here, Respondent has filed a Motion for Partial Summary Judgment.  In determining a motion for summary judgment, the Court considers whether there exists a genuine issue of material fact.  Fed. R. Civ. P. 56.  A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,"

which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

Petitioner brings this § 2255 Motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### **Discussion**

In his § 2255 Motion, Petitioner raises the following grounds for relief:

Ground 1:  "Whether Counsel Was Ineffective for Failing to File a Requested Notice of Appeal";

Ground 2:  "Whether Counsel Was Ineffective for Inducing the Petitioner to Plead Guilty with the Specific Oral Promises by the Government"; and

Ground 3:  "Whether Counsel was Ineffective for Failing to Object to the Pre-Sentence Report, Specifically the Petitioner's Prior Convictions and Not Requesting the Court to Use the Categorical Approach in *Taylor v. United States*."

(Pet'r's § 2255 Mot. 3, ECF No. 59.)

To prevail on a claim of ineffective assistance of counsel, a petitioner must

show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's deficiencies prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. The attorney's conduct must be "within the realm of competence demanded of attorneys in criminal cases." *Id.* at 687. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also id.* ("Judicial scrutiny of counsel's performance must be highly deferential."). Given the strong presumption of reasonable performance, the showing required under this prong is a "difficult" one to make. *James v. Harrison*, 389 F.3d 450, 457 (4th Cir. 2004).

As for prejudice, a petitioner has the burden of proving that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. He must demonstrate that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.* at 693. Thus, even if counsel's performance falls outside the wide range of professional assistance, an error by counsel will not warrant setting

aside the conviction if the error likely had no effect on the judgment. *Id.* at 694.

### A.     Failure to File a Requested Notice of Appeal

Petitioner first argues counsel rendered ineffective assistance of counsel by not filing a notice of appeal. An attorney who disregards his client's wish to file an appeal acts in a professionally unreasonable manner. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Even if the lost appeal may not have had a reasonable probability of success, it is considered ineffective assistance of counsel when an attorney fails to file a notice of appeal against his client's wishes. *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *Evitts v. Lucey*, 469 U.S. 387 (1985). Furthermore, in certain circumstances, an attorney is constitutionally required to consult with his client to determine whether he wishes to appeal. *See United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007) (citing *Flores-Ortega*, 528 U.S. at 478).

Petitioner claims his attorney failed to consult with him about whether he wanted to file an appeal. Petitioner states that he repeatedly tried to get in touch with his attorney to ask him to file an appeal and that his attorney ignored all of Petitioner's attempts to contact him. Respondent agrees that it is possible Petitioner's attorney failed to file a notice of appeal contrary to Petitioner's wishes. As such, Respondent asks that Petitioner's sentence be vacated and immediately reimposed and reinstated in order to allow Petitioner to pursue an appeal.

Therefore, Petitioner's § 2255 Motion shall be granted in part, and, in accordance with *Peak*, Petitioner's judgment of conviction shall be vacated and a new

judgment shall be entered from which Petitioner can file a timely notice of appeal under Federal Rule of Appellate Procedure 4(b) and (c).

### B.     Inducement of Guilty Plea

Petitioner also argues counsel rendered ineffective assistance of counsel by inducing him to plead guilty based on an unfulfilled oral promise by Respondent that it would file a sentence reduction motion in Petitioner's case.  Petitioner challenges both his attorney's and Respondent's acts in inducing him to plead guilty.

"'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)).  The government breaches a plea agreement when a promise it made to induce the plea goes unfulfilled. *Santobello*, 404 U.S. at 262.

"'It is well-established that the interpretation of plea agreements is rooted in contract law,'" *Id.* (quoting *United States v. Peglera*, 33 F.3d 412, 413 (4th Cir. 1994)), and "'[a] central tenet of contract law is that no party is obligated to provide more than is specified in the agreement itself.'" *Id.* (quoting *Peglera*, 33 F.3d at 413). "'Accordingly, in enforcing plea agreements, the government is held only to those promises that it actually made,' and 'the government's duty in carrying out its obligations under a plea agreement is no greater than that of fidelity to the agreement.'" *Id.* (quoting *Peglera*, 33 F.3d at 413).

Petitioner's claims that Respondent orally promised it would file a motion under United States Sentencing Guideline (U.S.S.G.) § 5K1.1 directly contradicts his sworn testimony before the Court during his guilty plea hearing.

> [I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated—"permit[ting] quick disposition of baseless collateral attacks."

*United States v. Lemaster*, 403 F.3d 216, 221—22 (4th Cir. 2005) (quoting *Blackledge v. Allison*, 431 U.S. 63, 79 n.19 (1977)). And, even assuming Petitioner's attorney did mistake the contents of the plea agreement and the promises made by Respondent, the misinformation regarding the plea agreement was corrected during the Court's plea hearing colloquy. "[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and [the] defendant." *United States v. Foster*, 68 F.3d 86 (4th Cir. 1995) (citing *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc)).

Initially, the Court notes that during Petitioner's guilty plea hearing, he heard and observed another defendant receive a written plea agreement that included a discussion of the Government's role in filing a § 5K1.1 motion.

> [AUSA]: . . . . Provided he [, Mr. Emerson, another defendant pleading guilty at the same hearing,] cooperates pursuant to the plea

> agreement, the Government agrees, at its sole discretion, if it determines he provides substantial assistance, he could be eligible for a 5K1 or Rule 35 [motion]. He also understands that even if the Government chose to make such motion, that is not binding upon the Court and he will have no right to withdraw his plea.

(Tr. of Guilty Plea Hr'g 6:22–7:3, Jan. 21, 2010, ECF No. 77.)

Not only did Petitioner directly observe Respondent stating for the record its promise regarding a § 5K1.1 motion as to another defendant, but Petitioner also heard Respondent explain the limitations of such a promise, *i.e.*, that Respondent would make the motion, *at its sole discretion*, but it would be the Court that decided whether to grant the motion and therefore the downward departure. After hearing these statements, Defendant still agreed, under oath, that it was his understanding that the only agreement he had with Respondent was the plea agreement as previously stated by Respondent, which was that Respondent would not to seek an enhancement under 21 U.S.C. § 851. (*Id.* at 13: 21–24 & 15:3–4.) Furthermore, Petitioner stated that his plea of guilty was being made freely and voluntarily and that his plea agreement was the only agreement in the case. (*Id.* at 19:23–20:4.) Furthermore, at Petitioner's sentencing, his attorney did bring up the possibility of a § 5K1.1 motion, but Respondent's stated that it was not going to file the motion. As the Court explained during Petitioner's plea colloquy, albeit to another defendant, it is in Respondent's sole discretion to bring a § 5K1.1 motion.

Petitioner has failed to show how his attorney's performance fell below an objective standard of reasonableness. His claim of a Government promise to file a § 5K1.1 motion is unsupported by his own sworn testimony. Petitioner has not alleged

any extraordinary circumstances exist warranting that this Court disregard Petitioner's previous sworn statements. He has made only a bare allegation that he was promised a § 5K1.1 motion. Petitioner has also failed to show how he was prejudiced by his attorney's alleged acts. Even assuming Petitioner's attorney misrepresented Respondent's promise, the misinformation regarding the plea agreement was corrected during the Court's plea hearing colloquy, and Petitioner still chose to enter a knowing and voluntary plea of guilty. Furthermore, Petitioner's attorney did raise the § 5K1.1 issue to both Respondent and the Court's attention, but Respondent did not find that Petitioner's acts warranted a motion. As such, the Court finds Petitioner's second claim meritless.

### C. Failure to Object to Presentence Report

Petitioner next argues that counsel rendered ineffective assistance of counsel by failing to object to Petitioner's designation as a career offender in the presentence report (PSR). Because Petitioner had two prior felony convictions for a either a crime of violence or a controlled substance offense, the Court finds that he was properly designated a career offender.

Under U.S.S.G. § 2D1.1(c)(5), Petitioner's base offense level was a thirty; however, due to Petitioner's two prior felony convictions for either a crime of violence or a controlled substance offense, he was designated a career offender and his offense level increased to thirty-seven under U.S.S.G. § 4B1.1. (PSR 8, ¶ 32, ECF No. 49.) The two predicate offenses for Petitioner's career offender status were his conviction for

second-degree home invasion, in violation of Michigan state law, and his conviction for attempting to possess with intent to distribute less than fifty grams of cocaine, in violation of Michigan state law.  (*Id.* at 5, ¶¶ 13 & 14.)  Petitioner did not object to his designation as a career offender before or at sentencing.  He now argues that his conviction for second-degree home invasion is not a crime of violence, and it, therefore, should not have served as a predicate offense for his career offender status.

For the purposes of career offender enhancement, a crime of violence is a felony that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a).  The "otherwise" clause, sometimes referred to as the "residual" clause has been limited to crimes that "are roughly similar, in kind as well as in degree of risk posed," to the enumerated examples. *United States v. Gibbs*, 626 F.3d 344, 353 (6th Cir. 2010) (citing *Begay v. United States*, 553 U.S. 137, 143 (2008)).  To determine if a prior conviction is a crime of violence, the Court applies a "categorical" approach, looking to the statutory definition of the offense rather than the particular facts underlying the conviction.  *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also United States v. Jenkins*, 631 F.3d 680, 684 (4th Cir. 2011) (same (citing *Begay*, 553 U.S. at 141)).

Under Michigan state law, a person is guilty of second-degree home invasion if he "breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the

dwelling"; "enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling"; or "breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, presented in, or exiting the dwelling, commits a felony, larceny, or assault." Mich. Comp. Laws § 750.110 (3). The Sixth Circuit has held that "a conviction for second-degree home invasion under Michigan law is the equivalent of the enumerated offense of burglary of a dwelling and therefore constitutes a 'crime of violence.'" *Gibbs*, 626 F.3d at 353; *see also United States v. Howard*, 327 F. App'x 573, 575–76 (6th Cir. 2009); *United States v. Hart*, 104 F. App'x 469, 470 (6th Cir. 2004) (unpublished). As the Sixth Circuit explained in *United States v. Horton*, 163 F. App'x 378, 381 (6th Cir. 2006), burglary is a crime of violence because "'the fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.'" *Id.* (quoting *Taylor*, 495 U.S. at 588).

Because this Court finds that a conviction for second-degree home invasion under Michigan state law is the equivalent of the enumerated offense of burglary of a dwelling, it holds that Petitioner's conviction for second-degree home invasion was properly used as a predicate offense for Petitioner's designation as a career offender. As such, Petitioner has failed to show how he was prejudiced by his attorney's failure to object to Petitioner's designation as a career offender. Therefore, this Court finds that Petitioner's third claim is also without merit.

### D. Associated Motion for Discovery

Petitioner has filed a motion requesting discovery (§ 2255 Motion p. 11, ECF No. 59) in this case.

Rule Six of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules Governing § 2255 Proceedings") states that a "judge may, for good cause, authorize a party to conduct discovery." For the reasons stated above, the Court does not believe there is good cause to authorize discovery in the form of providing Petitioner a copy of the arrest report and plea agreement for his Second-Degree Home Invasion conviction. Therefore, Petitioner's Motion for Discovery is DENIED.

### Conclusion

Upon review of the § 2255 Motion, the record, Respondent's Response, Respondent's Motion for Partial Summary Judgment, and Petitioner's Reply, this Court finds that an evidentiary hearing is not necessary. Respondent concedes that Petitioner's sentence must be vacated to allow him to timely file his notice of appeal, and Petitioner has not shown that he is entitled to relief as to his remaining claims. The Court declines to grant a certificate of appealability in this matter.[1]

---

[1] Under the Rules Governing § 2255 Proceedings, a district court must issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing *Slack v. McDaniel*,

IT IS THEREFORE ORDERED as follows:

(1) that Petitioner's § 2255 Motion (ECF No. 59) be GRANTED IN PART as to his ineffective assistance claim regarding his attorney's failure to file a notice of appeal;

(2) that Petitioner's judgment of conviction be VACATED and the judgment be immediately REIMPOSED and REINSTATED, with the same date of imposition of judgment, so that Petitioner can file a timely notice of appeal in accordance with Federal Rules of Appellate Procedure 4(b) and (c);

(3) that Petitioner's § 2255 Motion (ECF No. 59) be DENIED IN PART as to his ineffective assistance claims regarding his attorney's failure to object to Petitioner's presentence report and his attorney's alleged failures related to the Government's alleged promised to file a §5K1.1 motion;

(4) that Respondent's Motion for Partial Summary Judgment (ECF No. 83) be GRANTED; and

(5) that Petitioner's Motion for Discovery (ECF No. 59) be DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July 27, 2011
Anderson, South Carolina

---

529 U.S. 473, 484 (2000)).